**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
ALBANY DIVISION**

| | |
|---|---|
| ROBIN DONNA WHITE and<br>ROBERT W. WHITE,<br><br>    Plaintiffs,<br><br>v.<br><br>DEPARTMENT OF HUMAN<br>RESOURCES, *et al.*,<br><br>    Defendants.<br>_____ | :<br>:<br>:<br>:<br>:<br>:     CASE NO.: 1:11-CV-115 (WLS)<br>:<br>:<br>:<br>:<br>:<br>: |

**ORDER**

Before the Court is Plaintiffs' Motion for Summary Judgment or in the alternative, Motion for Injunctive Relief (Doc. 30). For the reasons set forth below, Plaintiffs' Motion for Summary Judgment or in the alternative, Motion for Injunctive Relief (Doc. 30) is **DENIED**.

**I.    Motion for Summary Judgment**

Plaintiffs' Motion for Summary Judgment is **DENIED** for failure to comply with Local Rule 56. Plaintiffs' deficient filings do not provide the Court a basis to determine whether a genuine issue of material fact exists. Local Rule 56 requires the movant for summary judgment under Rule 56 to attach to the motion a separate and concise statement of the material facts to which the movant contends there is no genuine issue to be tried. *See* M.D. Ga. Local Rule 56. Plaintiffs' Motion entirely lacks the required statement of material facts. In its place, Plaintiffs submit a series of assertions that are unsupported by any citations to the record.[1] The Rule specifically states that "[e]ach

---

[1] The Court further notes that discovery has not yet proceeded in the case.

1

material fact shall be numbered separately and shall be supported by specific citation to the record...[a]ffidavits and the introductory portion of briefs do not constitute a statement of material facts. M.D. Ga. Local Rule 56. Therefore, Plaintiffs' submission fails to meet the standard set forth in Local Rule 56 for a statement of material facts.

More importantly, Plaintiffs' failure to comply with Local Rule 56 prevents Defendants from having the opportunity to properly respond to Plaintiffs' Motion under the Rules. Without Plaintiffs providing a statement of material facts, Defendants cannot reasonably be asked to demonstrate a genuine issue of material fact on generalized presentations from Plaintiffs. And indeed, as Defendants note, when the moving party fails to meet its burden under Rule 56, the opposing party has no obligation to submit opposing evidentiary materials. *Adickes v. S. H. Kress & Co.*, 398 U.S. 144, 160 (1970). As such, unless the Court constructs a statement for the Plaintiffs of its own accord, the Court is unable to determine whether a genuine issue of material fact exists. The Court declines, as doing so would be improper.

Accordingly, because the Motion for Summary Judgment failed to comply with Local Rule 56 or Rule 56 of the Federal Rules of Civil Procedure and denied Defendants an opportunity to properly respond to Plaintiffs' Motion, the Court will not consider it. Plaintiffs' Motion for Summary Judgment (Doc. 30) is **DENIED**.

## II. Motion for Injunctive Relief

As best the Court can tell, Plaintiffs seek injunctive relief on their disability discrimination claims for the ultimate goal of "reversion of custody of the 3 minors of consequence, back to the biological parents, and or Plaintiff(s)." (Doc. 30 at 3). Plaintiffs assert that they qualify for injunctive relief and custody of the three minors "based upon the Investigative findings of the Office of Civil Rights Investigator

2

Hofman[sic]." (*Id.* at 2.)  Plaintiffs also assert that the investigation by the Office of Civil Rights is ongoing. (*Id.* at 2.)

Defendants argue that Plaintiffs cannot establish a substantial likelihood of success, referring the Court to the previously filed Motion to Dismiss. Defendants also assert that granting the injunction would result in the Court intervening in a juvenile court proceeding, and in such a situation, abstention is the appropriate course.

"It frequently is observed that a preliminary injunction is an extraordinary and drastic remedy, one that should not be granted unless the movant, by a *clear* showing, carries the burden of persuasion." *Mazurek v. Armstrong*, 520 U.S. 968, 972 (1997) (per curium) (emphasis added) (citation omitted). This observation flows from the heightened standard of proof which a party requesting a temporary restraining order must meet. *See id.* Specifically, to obtain a preliminary injunction, the moving party must show (1) substantial likelihood of success, (2) irreparable harm, (3) that the balance of equities favors granting the injunction, and (4) that the public interest would not be harmed by the injunction. *Mesa Air Group, Inc. v. Delta Air Lines, Inc.*, 573 F.3d 1124, 1127 (11th Cir. 2009) (citing *BellSouth Telecomms., Inc. v. MCImetro Access Transmission Svcs., LLC*, 425 F.3d 964, 968 (11th Cir. 2005)). Additionally, "a court [only] enters a preliminary injunction . . . where there is no adequate remedy at law." *Reynolds v. Roberts*, 207 F.3d 1288, 1299 (11th Cir. 2000) (citing *Beacon Theatres, Inc. v. Westover*, 359 U.S. 500, 506-07 (1959)).

  A. Substantial Likelihood of Success

Generally, to establish a violation of the ADA and Rehabilitation Act, the Plaintiffs must prove: (1) that they have disabilities; (2) that they were otherwise qualified for the benefit or service in question; and (3) that they were subjected to

unlawful discrimination because of their disabilities. *Holbrook v. City of Alpharetta,* 112 F.3d 1522, 1526 (11th Cir.1997). The ADA and the Rehabilitation Act define the term "disability" to mean a physical or mental impairment that substantially limits one or more of the major life activities, a record of such impairment, or being regarded as having such impairment. 42 U.S.C. § 12102(2); 28 C.F.R. § 35.104; 29 U.S.C. § 705(20)(B). Physical and mental impairments means:

> Any physiological disorder or condition, cosmetic disfigurement, or anatomical loss affecting one or more of the following body systems: neurological, musculoskeletal, special sense organs, respiratory (including speech organs), cardiovascular, reproductive, digestive, genitourinary, hemic, and lymphatic, skin and endocrine.

28 C.F.R. § 35.104. Specifically, physical and mental impairment includes such conditions as orthopedic, visual, speech and hearing impairments, and cerebral palsy. *Id.* While Plaintiff Robin White's hearing impairment may render her "disabled" for the purposes of the ADA and the Rehabilitation Act, none of Plaintiffs' pleadings allege that Plaintiff Robert White is disabled. Without a finding of disability, Plaintiff Robert White cannot establish a violation of the ADA or the Rehabilitation Act.

Moreover, Plaintiffs fail to establish that they were qualified for the benefit or service requested—in this case, the custody of the three minors. Plaintiffs rely on the "Investigative facts stated in the correspondence from Investigator Hoffman" to establish that they are due injunctive relief and the custody of the minors, but the brief email is limited to discussing Plaintiff Robin White, does not indicate that the Office of Civil Rights found in favor of Plaintiffs, or that the investigation even dealt with the custody issue. The email continues on to discuss the proposed remedy, stating that, "[A]s [a] remedy in this matter, I am recommending the State enter into a Voluntary

Compliance Agreement with the Office of Civil Rights to revise their policies and procedures for serving deaf or hard-of-hearing persons." (Doc. 30-1.) There is no mention of Plaintiffs gaining custody of the three minors. The findings referenced by Plaintiffs do not support the injunctive relief requested. Accordingly, the Court finds that Plaintiffs have failed to establish a substantial likelihood of success on the merits of their case with regard to the custody of the minors. As Plaintiffs have failed to establish a substantial likelihood of success on the merits as asserted, the Court need not address the other prerequisites of preliminary injunctive relief. *Church v. City of Huntsville*, 30 F.3d 1332, 1342 (11th Cir. 1994).[2] Plaintiffs' Motion for Injunctive Relief (Doc. 30) is **DENIED**.

## CONCLUSION

For the reasons set forth above, Plaintiffs' Motion for Summary Judgment or in the alternative, Motion for Injunctive Relief (Doc. 30) is **DENIED**.

**SO ORDERED**, this   22nd   day of July 2013.

/s/ W. Louis Sands
**THE HONORABLE W. LOUIS SANDS,
UNITED STATES DISTRICT COURT**

---

[2] Even if the Court was to accept the findings as sufficient to establish a substantial likelihood of success on Plaintiffs' disability discrimination claims, Plaintiffs have failed to establish any of the remaining three prerequisite of a preliminary injunction. No claim of a substantial threat of irreparable injury was made, and "the absence of a substantial likelihood of irreparable injury would, standing alone, make preliminary injunctive relief improper." *Siegel v. LePore,* 234 F.3d 1163, 1176 (11th Cir. 2000). And a question exists as to whether the injunction would serve the public interest. As the requested injunctive relief involves a custody matter within the state juvenile courts, it would not be in the public interest for this Court to intervene on injunctive grounds without a substantial showing when a court exists with the specific jurisdiction and associated procedures to address juvenile parental custody.