IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
ALBANY DIVISION

| | |
|---|---|
| ROBIN DONNA WHITE and ROBERT W. WHITE, | : : : |
| Plaintiffs, | : : |
| v. | :   1:11-CV-115 (WLS) |
| DEPARTMENT OF HUMAN RESOURCES, *et al.*, | : : : : |
| Defendants. | : : |
| _____ | : |

### ORDER

Presently pending before the Court is Plaintiff's Motion for Continuance and Motion to Appoint Counsel (Doc. 36). As Plaintiffs have filed their More Definite Statement within the time period set by the Court, the Motion for Continuance is **DENIED AS MOOT**.

With respect to the Motion to Appoint Counsel, generally speaking, no right to counsel exists in civil actions. *Wahl v. McIver*, 773 F.2d 1169, 1174 (11th Cir. 1985); *Mekdeci v. Merrel Nat'l Lab.*, 711 F.2d 1510, 1522 n.19 (11th Cir. 1983). Appointment of counsel is a privilege that is justified only by exceptional circumstances. *Lopez v. Reyes*, 692 F.2d 15, 17 (5th Cir. 1982). In deciding whether legal counsel should be provided, the Court typically considers, among other factors, the merits of the plaintiff's claim and the complexity of the issues presented. *See Holt v. Ford*, 862 F.2d 850, 853 (11th Cir. 1989). Applying the standards set forth in *Holt*, it appears that at the present time, the essential facts and legal doctrines in this case are ascertainable by Plaintiffs without the assistance of court-appointed legal counsel and that the existence of exceptional

circumstances has not been shown by Plaintiffs.  The Court on its own motion will consider assisting Plaintiffs in securing legal counsel if and when it becomes apparent that legal assistance is required.  Accordingly, Plaintiffs' Motion to Appoint Counsel (Doc. 36) is **DENIED** at this time.

**SO ORDERED**, this  22nd  day of July 2013.


/s/ W. Louis Sands
**THE HONORABLE W. LOUIS SANDS,
UNITED STATES DISTRICT COURT**