IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
ALBANY DIVISION

| | | |
|---|---|---|
| ROBIN D. WHITE, *et al.*, | : | |
| Plaintiffs, | : | |
| v. | : | Case No.: 1:11-CV-115 (WLS) |
| DEPARTMENT OF HUMAN RESOURCES, *et al.*, | : | |
| Defendants. | : | |

### ORDER

Presently pending before the Court is Defendants' Motion to Dismiss (Doc. 38). For the following reasons, Defendants' Motion to Dismiss (Doc. 38) is **GRANTED**.

**I.   PROCEDURAL BACKGROUND**

On August 29, 2011, Plaintiff filed a Complaint in the above-captioned matter, asserting claims under the Americans With Disabilities Act, 42 U.S.C. §§ 12101, *et seq*, the Rehabilitation Act, 29 U.S.C. § 594, and the Hobbs Act, 18 U.S.C. § 1951.  (Doc. 1.) In lieu of an Answer, Defendants filed their first Motion for a More Definite Statement (Doc. 15).  Plaintiff subsequently filed a Motion to add her husband as a Plaintiff.  The Court granted Defendant's Motion for a More Definite Statement and also allowed Plaintiff to add her husband as a Plaintiff to the case.  (Doc. 23.)   Plaintiff filed an Amended Complaint (Doc. 25) in response to the Court's Order, but she also added three new defendants without seeking leave of the Court.  The Court struck the Amended Complaint for failure to comply with Federal Rule of Civil Procedure 15 and provided Plaintiff one final opportunity to amend her Complaint in accordance with the Court's August 10, 2012 Order.  (Doc. 34.)  Plaintiff filed a More Definite Statement on

1

March 14, 2013 in response to the Court's Order. Defendants again filed a Motion to Dismiss (Doc. 38). The Court provided notice of the Motion to Dismiss to Plaintiff, and Plaintiff responded on March 10, 2013. (Doc. 40.) As briefing is complete, the Court now addresses Defendants' Motion to Dismiss (Doc. 38).

## II.   DISCUSSION

### A.   Motion to Dismiss Standard

Federal Rule of Civil Procedure 12(b)(6) permits a party to assert by motion the defense of failure to state a claim upon which relief can be granted. A motion to dismiss a plaintiff's complaint under Rule 12(b)(6) should not be granted unless the plaintiff fails to plead enough facts to state a claim to relief that is plausible, and not merely just conceivable, on its face. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "Dismissal for failure to state a claim is proper if the factual allegations are not 'enough to raise a right to relief above the speculative level.'" *Edwards v. Prime, Inc.*, 602 F.3d 1276, 1291 (11th Cir. 2010) (quoting *Rivell v. Private Health Care Sys., Inc.*, 520 F.3d 1308, 1309 (11th Cir. 2008)). "Stated differently, the factual allegations in the complaint must 'possess enough heft' to set forth 'a plausible entitlement to relief.'" *Edwards*, 602 F.3d at 1291 (quoting *Fin. Sec. Assurance, Inc. v. Stephens, Inc.*, 500 F.3d 1276, 1282 (11th Cir. 2007)).

While the Court must conduct its analysis "accepting the allegations in the complaint as true and construing them in the light most favorable to the Plaintiff," *Hill v. White*, 321 F.3d 1334, 1335 (11th Cir. 2003), in evaluating the sufficiency of a Plaintiff's pleadings the Court must "make reasonable inferences in [p]laintiff's favor, 'but we are not required to draw Plaintiff's inference.'" *Sinaltrainal v. Coca-Cola Co.*, 578 F.3d 1252, 1260 (11th Cir. 2009) (quoting *Aldana v. Del Monte Fresh Produce, N.A., Inc.*, 416 F.3d 1242, 1248 (11th Cir. 2005).) The Supreme Court instructs that while on a

2

Motion to Dismiss "a court must accept as true all of the allegations contained in a Complaint," this principle "is inapplicable to legal conclusions," which "must be supported by factual allegations." *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S. Ct. 1937, 1949-54 (2009) (citing *Twombly*, 550 U.S. at 555, for the proposition that courts "are not bound to accept as true a legal conclusion couched as a factual allegation" in a complaint.) In the post-*Twombly* era, "[d]etermining whether a complaint states a plausible claim for relief . . . [is] a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal*, 556 U.S. at 679.

In determining whether Plaintiff's Complaint is plausible on its face, the Court is cognizant that Plaintiff is acting *pro se.* Because she is proceeding *pro se* her "pleadings are held to a less stringent standard than pleadings drafted by attorneys and will, therefore, be liberally construed." *Tannenbaum v. United States*, 148 F.3d 1262, 1263 (11th Cir. 1998). "This leniency, however, does not require or allow courts to rewrite an otherwise deficient pleading in order to sustain an action." *Thomas v. Pentagon Fed. Credit Union*, 2010 WL 3273056, at *2 (11th Cir. August 19, 2010).

**B.   Analysis**

**1.   Plaintiff Robert White**

Defendants first argue that each of Plaintiff Robert White's claims should be dismissed. Defendants assert that Plaintiff Robert White's Hobbs Act claim cannot be brought by a private party in a civil action, and that the More Definite Statements makes no factual allegations that Robert White is a disabled individual or that Defendants failed to accommodate him with regard to a disability. (Doc. 38-1 at 3-4.) Plaintiffs do not respond to these arguments in their Response. (Doc. 40.)

As the Court noted in its February 27, 2013 Order, the Hobbs Act is a criminal statute and can only be enforced by the United States Government, not a private party in

3

a civil action. *See Bass Angler Sportsman Soc'y v. U.S. Steel Co.*, 324 F. Supp. 412 (S.D. Ala. 1971), *aff'd*, 477 F.2d 1304 (5th Cir. 1971). Plaintiffs are undoubtedly private parties, and the instant case is civil in nature. Accordingly, Plaintiffs cannot bring a claim under the Hobbs Act, and Plaintiff Robert White and Robin White's claims under the Hobbs Act are **DISMISSED**.

Plaintiffs' More Definite Statement also asserts claims for Plaintiff Robert White under Section 504 of the Rehabilitation Act of 1973 (29 U.S.C. § 794) (herein "Section 504" or "Rehabilitation Act") and Title II of the Americans with Disabilities Act (42 U.S.C. §§ 121313, *et seq.*) (herein "ADA"). When the Court granted Plaintiff leave to add Robert White as a Plaintiff, it specifically stated that:

> However, Plaintiff's amendment to add her husband as a Plaintiff is subject to the same requirements set forth above regarding a more definite statement. Plaintiff pro se must specify which factual allegations apply to her husband and his claims against the Defendants, as well as specifying the legal bases for each alleged violation or claim and to which Defendants said violations or claims apply.

(Doc. 23 at 5.) However, the More Definite Statements fails to allege any facts showing Plaintiff Robert White is an individual with a disability who is otherwise qualified for participation in a program receiving Federal financial assistance. *See L.M.P. ex rel v. School Bd. of Broward County, Fla.*, 516 F. Supp. 2d 1305, 1313–14 (S.D. Fla. 2007) (under the Rehabilitation Act, the plaintiff must show that he is individual with a disability under the Rehabilitation Act, otherwise qualified for participation in the program, being excluded from participation in, being denied the benefits of, or being subjected to discrimination under the program solely by reason of his disability and the relevant program or activity receives federal financial assistance). Nor does the More Definite Statement allege that he is subject to discrimination *solely* because of his disability as required under the Rehabilitation Act. *L.M.P.,* 516 F. Supp. 2d at

4

1301. Likewise, Plaintiff Robert White does not show how any impairment limits his activities or alleges how Defendants were aware of his disability. *Chapman v. U.S. Postal Svc.*, 442 F. App'x 480, 485 (11th Cir. 2011) (failure to state a claim under the ADA when the plaintiff did not specify what the disability was or how it impaired a major life activity); *Morisky v. Broward County*, 80 F.3d 445, 448 (11th Cir. 1996) (no prima facie case shown when there is no proof that an employer had actual or constructive knowledge of the plaintiff's disability). Accordingly, Plaintiff Robert White's claims under the ADA and Rehabiliation Act are **DIMISSED** for failure to state a claim upon which relief can be granted.

### 2. Plaintiff Robin White

Defendants argue that the more Definite Statement remains deficient in that it only contains legal conclusions as opposed to factual allegations. Defendants also assert that all of Plaintiffs' claims under the ADA and the Rehabilitation Act are barred by the statute of limitations. Finally, Defendants argue that Plaintiffs' More Definite Statement is a bid to challenge the State Court Juvenile proceedings and transfer of custody in the federal system, when it should have been raised in either the Juvenile Court or in state appellate proceedings. (Doc. 38-1 at 7-8.)

Plaintiffs argue that the statute of limitations is not relevant to their claims because "Plaintiffs' rights...are currently being violated, by the Defendants on a daily and current basis." (Doc. 40 at 2.) In the More Definite Statement, Plaintiffs also assert that, "Plaintiffs, have only lost custody of the children, yet still maintain their Legal Parental Rights, which are being violated due to the Biological Mother and Chief Plaintiff being disabled, with a hearing impairment, thus qualifying current and ongoing allegations of violations of the Americans with Disabilities Act of 1990, and Section 504 of the Rehab. Act of 1973." (Doc. 37 at 5.)

A defendant may move to dismiss a complaint on the ground that it is barred by the statute of limitations. *See* Fed. R. Civ. P. 12(b)(6). "[A] Rule 12(b)(6) dismissal on statute of limitations grounds is appropriate only if it is 'apparent from the face of the complaint' that the claim is time-barred." *La Grasta v. First Union Sec., Inc.,* 358 F.3d 840, 845 (11th Cir. 2004) (citing *Omar v. Lindsey,* 334 F.3d 1246, 1251 (11th Cir. 2003)).

The Eleventh Circuit has held that the statute of limitations for both the ADA and Section 504 is based on state limitations periods for personal injury actions. *Everett v. Cobb Cnty. Sch. Dist.,* 138 F.3d 1407, 1409-10 (11th Cir. 1989). As Georgia has a two-year statute of limitations for personal injury actions, the relevant statute of limitations for Plaintiff's ADA and Section 504 claims is also two years. *Id.* However, federal law still governs the date of a claim's accrual, and claims of discrimination accrue when the plaintiff is informed of the discriminatory action. *Id.* (citing to *Calhoun v. Alabama Alcoholic Beverage Control Board*, 705 F.2d 422, 425 (11th Cir. 1983) ("the statute [of limitations] does not begin to run until the facts which would support a cause of action are apparent or should be apparent to a person with a reasonably prudent regard for his rights")).

### a. Colquitt County

With respect to Plaintiff's ADA and Section 504 claims against Colquitt County, Plaintiff provides specific dates as to her allegations. Plaintiff asserts that Colquitt County has "appear[ed] to scrutinize Mrs. White's (Plaintiff) disability of a severe hearing impairment as an excuse to validate claims of un-fit mother-hood." (*Id.* at 4.) She alleges that on a number of days in December 2006, Colquitt County failed to provide a sign language interpreter. (Doc 37 at 1.) She also states that on January 12 and 17, 2007, Sebrina Kline, a case worker for Colquitt County, denied Plaintiff access to

6

a sign-language interpreter, made insulting remarks regarding Plaintiff's hearing impairment, and suggested that "non-certified persons without proper credentials assist the Plaintiff with her Hearing Loss." (*Id.*)  Plaintiff also asserts that "Mickey Walter, Special Assistant to Attorney General, made insulting, and discriminatory remarks, on many occasions…specifically referenc[ing] the Plaintiff's Hearing Impairment" and that "[i]n the summer of 2009…Plaintiff Pro-Se was told by Sebrina Kline, that all aspects of her case with Colquitt County DFACS were closed to all parties" while Colquitt County was "working diligently with non-disabled relatives of the Plaintiffs to establish a permanency plan for the minors." (*Id.*)

As set forth above, Plaintiff appears to have had full knowledge of the County's alleged discriminatory actions when they began occurring in December 2006 and January 2007, as she attests to in her More Definite Statement.  While Plaintiff asserts that the discrimination is "ongoing," she is in fact alluding to the present effects of Colquitt County's alleged previous discriminatory behavior towards her—the loss of custody. *See Delaware State College v. Ricks*, 449 U.S. 250, 258, 101 S.Ct. 498, 504, 66 L.Ed.2d 431 (1980) (period commenced at time the tenure decision was made and communicated to plaintiff, even though one of the effects of denial of tenure, the eventual loss of a teaching position, did not occur until later).  Accordingly, her ADA and Section 504 claims against Colquitt County would have accrued by, at the latest, January 2009.  Because Plaintiff filed her original Complaint on August 29, 2011, the Court finds that Plaintiff's ADA and Section 504 claims against Colquitt County are time-barred by the two-year statute of limitations and are therefore **DISMISSED**.

### b. Grady County

Plaintiff also provides specific dates for a number of her allegations against Grady County.  She asserts a failure-to-accommodate claim and a retaliation claim that both

7

date to 2007.  Plaintiff states that on July 7 and July 12, 2007, Grady County failed to provide a sign-language interpreter despite Plaintiff's requests.  (Doc. 37 at 4.)  Plaintiff also alleges that in response to the discriminatory acts, Plaintiff filed Form HHS-699 in July and August of 2007 with the Office of Civil Rights and that Grady County "discriminated many times" against her as a result of the filing.  (*Id.*)  Plaintiff alleges that in the year prior to April 24, 2009, Grady County continually failed to provide a sign language interpreter despite claiming that an interpreter was scheduled and closed Plaintiff's DFACS case to Plaintiffs alone, as shown by a May 27, 2009 suggestion from a Juvenile Court Judge that Grady County was working with the custodians of the youngest child.  (*Id.* at 5.)

As set forth above, Plaintiff's knowledge of the allegedly discriminatory behavior of Grady County dates to July 2007.  While Plaintiff again asserts that the discrimination is "ongoing," her argument again fails to address that she is alluding to her loss of custody, a present effect of Grady County's alleged previous discriminatory behavior towards her.  Accordingly, Plaintiff's ADA and Section 504 claims against Grady County would have accrued by July 2009.  Because Plaintiff filed her original Complaint on August 29, 2011, more than two years later, the Court finds that Plaintiff's ADA and Section 504 claims against Colquitt County are time-barred by the two-year statute of limitations and are therefore **DISMISSED**.

## CONCLUSION

For all of the above reasons, Defendants' Motion to Dismiss (Doc. 38) is **GRANTED** and all claims against all Defendants are **DISMISSED.**

**SO ORDERED**, this   22nd    day of July, 2013.

/s/ W. Louis Sands
**THE HONORABLE W. LOUIS SANDS,
UNITED STATES DISTRICT COURT**